## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
Keith Joel Thompson : CASE NO.
:
: CHAPTER 13 PLAN
:     (Indicate if applicable)
:   0  # MOTIONS TO AVOID LIENS
:   0  # MOTIONS TO VALUE COLLATERAl
Debtor(s) :
: ☐ ORIGINAL PLAN
:     AMENDED PLAN
:     (Indicate $1^{ST}, 2^{ND}, 3^{RD}$, etc.)

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

### PLAN PROVISIONS

**DISCHARGE:** (Check one)

[X] The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[X] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ __48,713.17__ , plus other payments and property stated in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | May-11 | Apr-14 | $278.76 | $1,074.38 | $48,713.17 |
    |  |  |  |  |  |
    |  |  |  | . |  |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  | Total Payments: | $ 48,713.17 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:  [X] Debtor(s) is at or under median income

    [ ] Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ __0.00__ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ _____ from the

sale of property known and designated as _____. All sales shall be completed by _____, 20 ____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

3. The Debtor estimates that the liquidation value of this estate is $ 5,196.67 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| Chase Home Finance, LLC | 3415 Vision Drive<br>Columbus, OH 43219-6009 | 5300552626 | $844.93 |
| GMAC Mortgage | 3451 Hammond Ave., PO Box 780<br>Waterloo, IA 50704-0780 | 7300179322 | $229.45 |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase Home Finance, LLC | Debtor's Residence | 0 | 0 | 0 |
| GMAC Mortgage | Debtor's Residence | 0 | 0 | 0 |
|  |  |  |  |  |

D. Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE

**LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims.</u> (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Chase Home Finance, LLC | Debtor's Residence | | | Monthly conduit payments |
| GMAC Mortgage | Debtor's Residence | | | Monthly conduit payments |

F. <u>Surrender of Collateral.</u> Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |

G. <u>Lien Avoidance.</u> The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u> Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed"

proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2)   Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)   Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed or post-petition payments as provided by the terms of the mortgage and note.

(4)   Notify the Debtor and the attorney for the Debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(5)   Notify the Debtor and the attorney for the Debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(6)   Within 60 days after receipt of a written request made by the Debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide Debtor and his counsel a statement detailing the following amounts paid by the Debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The Debtor may (i) challenge this information by filing a motion with the court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the Debtor acknowledges or the court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the court to be invalid or are not paid by the Debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   |  | $ |
   |  | $ |

   B. <u>Administrative Claims</u>:

   (1) Trustee Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. In addition to the retainer of $ __500.00__ already paid by the Debtor, the amount of __$3,500.00__ in the plan. Any amount exceeding the district's no-look fee will not be paid until a fee application for the requested amount is approved by the Court.

   (3) Other administrative claims.

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   |  | $ |
   |  | $ |
   |  | $ |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

   | Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
   |---|---|---|---|---|
   |  |  | $ | % |  |
   |  |  | $ | % |  |

   B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

   | Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition arrears | Total Payment | Asume/ Reject |
   |---|---|---|---|---|---|---|

7

| North Coast Energy, Inc. | 5 year oil & gas lease beginning 4/12/2008 | $ | % | $ | $ | Assume |
| Verizon | Phone & Internet | $ | % | $ | $ | Assume |

6. **REVESTING OF PROPERTY: (Check One)**

   [ ] Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

   [X] Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   A. <u>Student loan provisions</u>. This plan does not seek ~~the~~ to discharge student loan(s) except as follows:

   (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |
|  | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)
   
   See attachment.

9. **ORDER OF DISTRIBUTION**

Payments from the plan will be made by the Trustee in the following order:
Level 1: <u>Pre-Confirmation Distributions listed in ¶ 2.A</u>
Level 2: <u>Debtor's Attorney's Fees (in ¶ 3.B.(2) + any additional Court approved fee)</u>
Level 3: <u>Domestic Support Obligations</u>
Level 4: <u>Amounts listed in ¶ 2.D. pro rata</u>
Level 5: <u>Amounts listed in ¶ 2.C. pro rata. If a proof of claim is filed the allowed amount of the arrearage shall be paid.</u>
Level 6: <u>Amounts listed in ¶ 2.E. pro rata</u>
Level 7: <u>Amounts listed in ¶ 4.A. pro rata</u>
Level 8: <u>Priority amounts of allowed claims listed in ¶ 3.A. pro rata</u>
Level 9: <u>General unsecured claims</u>

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 4/14/11

s/ Carlo Sabatini
Attorney for Debtor

s/ Keith Joel Thompson
Debtor

_____
Joint Debtor

9

Case 5:11-bk-02710-RNO    Doc 2    Filed 04/14/11    Entered 04/14/11 12:26:18    Desc
Main Document      Page 9 of 12

**Section 8.A Other Plan Provisions**

(1) If the debtor receives any payments on the gas lease, then those payments are a liquidation of a portion of the value of the real estate. As that real estate has been fully exempted, no portion of any payment that the debtor receives shall be considered income that is subject to the control of the bankruptcy trustee. The debtor has no obligation to notify the trustee or any other party if he receives any such post-petition payments.

(2) The first sentence in the third paragraph of Section 2.A is deleted as unnecessary because of ¶ 8.A.(9).b.iii.

(3) Notwithstanding any contrary language in this plan, if no proof of claim has been filed for a conduit claim, then the trustee shall make conduit payments to the creditor or servicer identified in paragraph 2.A at the address identified in Section 2.A and shall include with the payment the account number identified in Section 2.A.

(4) Debtor may object to all proofs of claim which are filed, whether before or after confirmation or payment by the Trustee. Confirmation of the plan shall not bar the Debtor from seeking a determination (a) of the extent, validity, and/or priority of any liens; and/or (b) as to the dischargeability of any debt.

(5) If the Debtors default after filing of the petition, on any payment to a utility entitled to adequate assurance under Bankruptcy Code § 366, then that debt shall, upon application of said utility with contemporaneous notice to debtor's counsel and the trustee, become an administrative claim under this plan. This priority shall be deemed adequate assurance of the utility's future payments. Notwithstanding the possible application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> communications from utility companies in connection with any post-petition default. Any communication regarding a post-petition default shall not be sent to Debtor's counsel (except for applications for administrative claims, for which Debtor's counsel will receive notice through the CM/ECF system).

(6) Notwithstanding the application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> statements or communications from the creditors identified in paragraph 2.B in connection with any payment that comes due post-petition.

(7) Any creditor holding a claim secured by property (or any creditor holding a claim as a lessor of property, including any claim under 11 U.S.C. § 503(b)(1)(A)) which property is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, shall have its claim discharged if a discharge is entered under 11 U.S.C. § 1328(a), 11 U.S.C. § 1328(b), or 11 U.S.C. § 727 (following a conversion). Upon written request from Debtor's counsel to the trustee, such creditor will receive no further distribution from the trustee other than as a general unsecured claim for payment of a deficiency for which an itemized proof of claim is filed

1

within 120 days after the removal of the property from the protection of the automatic stay. This paragraph also applies to creditors who may claim an interest in, or lien upon, property that is removed from the protection of the automatic stay of another lien holder or released to another lien holder.

(8) If this plan provides for payment of a claim, but no proof of claim is filed by or on behalf of the creditor, then upon written request from Debtor's counsel to the trustee the funds designated to such claim shall be distributed to other creditors in their respective priorities.

(9) Classifications of Claims

   a. *Entireties Claim*:
      i. Definition: *Entireties Claims* are those allowed unsecured claims for which both Debtor and Debtor's spouse are liable, and:
         a. which are listed in paragraph 4.A and for which the "Reason for Special Classification" indicates either (1) that the claim is owed jointly with Debtor's spouse, or, (2) that there is an ownership interest in entireties property;
         b. which are listed on Schedule D, E, or F as undisputed and as being owed jointly with Debtor's spouse; or
         c. for which the claimant files an allowed proof of claim that has attached thereto both the contract or credit card application signed by the Debtor and the contract or credit card application signed by the Debtor's spouse.
      ii. Treatment: *Entireties Claims* shall be paid in full, unless the value of property listed on Schedule C as exempt due to ownership as a tenant by the entirety ("*Value of Entireties Property*") is less than the sum of allowed *Entireties Claims*, in which instance *Entireties Claims* shall be paid pro rata until an amount equal to *Value of Entireties Property* has been distributed to *Entireties Claims* whereupon the unpaid balance of each *Entireties Claim* shall be treated as a general unsecured claim.

   b. *Current Mortgage Claims*: Claims for the accounts that are listed in paragraph 2.A.
      i. Confirmation of this plan shall constitute a finding that as of the date of confirmation, the debtor is "fully current" on the *Current Mortgage Claim*. Without limitation, "fully current" means that all installment payments that had come due as of the date of confirmation have been paid and that Debtor has no unpaid obligation to the holder of the claim other than for principal and interest. This plan does not invoke 11 U.S.C. § 1322(b)(5) with respect to *Current Mortgage Claims* as there is no default to cure.

2

Case 5:11-bk-02710-RNO    Doc 2    Filed 04/14/11    Entered 04/14/11 12:26:18    Desc
Main Document    Page 11 of 12

ii. The trustee shall make regular payments directly to holders of *Current Mortgage Claims* beginning with the first contractual payment that comes due post-petition.

iii. The creditor and/or its servicer shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable rate mortgage. The creditor and/or its servicer shall timely notify the debtors, debtors' counsel and trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account. The notification shall be provided by a filing on the court docket.

iv. The holder and/or servicer of a *Current Mortgage Claim* shall file on the court docket a notice itemizing any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which the holder and/or servicer contends are 1) allowed by the note and security agreement and applicable nonbankruptcy law, and 2) recoverable against the debtors or the debtors' account. The notice shall be filed annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the trustee's final account under Bankruptcy Rule 5009.

v. The failure of a holder and/or servicer to comply with subparagraph (iv) for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year, and the holder and/or servicer shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtors or the debtors' account during the case or after entry of the order granting a discharge. The preceding sentence shall be of no effect if the fees, expenses or charges are otherwise approved by bankruptcy court order.

vi. Notwithstanding the application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> statements or communications in connection with any payment that comes due post-petition on an account that has a *Current Mortgage Claim*.

3